IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 3, 2015

**STATE OF TENNESSEE v. AMBER RENEE TERRY**

**Appeal from the Circuit Court for Hardin County**
**No. 9813      C. Creed McGinley, Judge**

_____

**No. W2014-01628-CCA-R3-CD  -  Filed April 13, 2015**

_____

Defendant, Amber Renee Terry, pled guilty to theft of property valued at $10,000 or more and official misconduct and was sentenced to a total effective sentence of three years, suspended to supervised probation.  After a hearing, the trial court denied judicial diversion.  Upon our review of the record, we determine that the trial court did not abuse its discretion in denying judicial diversion.  Therefore, the judgments of the trial court are affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and ROBERT H. MONTGOMERY, JR., JJ., joined.

Guy T. Wilkinson, District Public Defender, Camden, Tennessee, for the appellant, Amber Renee Terry.

Herbert H. Slatery III, Attorney General and Reporter; Tracy L. Alcock, Assistant Attorney General; Matthew Stowe, District Attorney General; and Joshua Turnbow, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual Background*

On November 18, 2013, the Hardin Country Grand Jury indicted Defendant for one count of theft of property valued at $10,000 or more and one count of official misconduct.  Defendant stole money from the Hardin County Circuit Court Clerk's

Office, her then-employer, during a period from March to August 2012.[1]  On May 15, 2014, Defendant pled guilty to the charged offenses.  A sentencing hearing was held on July 28, 2014, to determine Defendant's eligibility for judicial diversion and the amount of restitution to be paid.

At the hearing, Defendant testified that she had moved to Indiana and was currently employed with a medical supply company.  She earned an hourly wage of $9.50 and worked between 48 and 60 hours per week.  She had paid the administrative fee and had saved $2,000 to put toward court costs and restitution.  Defendant requested that the trial court take into consideration that this was her only "scrape" with the law, that she had admitted her guilt, and that she had cooperated throughout the investigation.  The State asked the court to consider that Defendant had been in a position of trust with taxpayer money and that she had abused that trust multiple times over the course of several months.  The presentence report was entered into evidence.

After the hearing, the trial court sentenced Defendant as a Range I, standard offender, to three years for theft of property and one year for official misconduct, to be served concurrently on supervised probation.  Defendant was ordered to pay restitution in the amount of $13,539.  The trial court denied judicial diversion.  Defendant filed a timely notice of appeal.

*Analysis*

On appeal, Defendant argues that the trial court erred in denying judicial diversion.  The State responds that the trial court properly exercised its discretion and imposed a sentence that was consistent with the purposes and principles of sentencing.  We agree with the State.

When a defendant challenges the length, range, or manner of service of a sentence, this Court reviews the trial court's sentencing decision under an abuse of discretion standard with a presumption of reasonableness.  *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012); *State v. Bise*, 380 S.W.3d 682, 708 (Tenn. 2012).  This presumption applies to "within-range sentencing decisions that reflect a proper application of the purposes and principles of the Sentencing Act."  *Bise*, 380 S.W.3d at 707.  This same standard of review applies to the trial court's decision to grant or deny judicial diversion.  *State v. King*, 432 S.W.3d 316, 325 (Tenn. 2014).

---

[1] The summary of the facts read into the record during the plea hearing were referenced during the sentencing hearing, but the transcript of the plea hearing is not included in the record on appeal.  The record is, however, sufficient for a meaningful and appropriate review under an abuse of discretion standard, granting a presumption of reasonableness.  *See State v. Caudle*, 388 S.W.3d 273, 279 (Tenn. 2012).

Judicial diversion is a form of probation that affords certain qualified defendants the opportunity to avoid a permanent criminal record, provided that the defendant meets certain conditions. *See* T.C.A. § 40-35-313(a)(1)(A). If a defendant qualifies for judicial diversion, a trial court may defer proceedings without entering a judgment of guilty, placing the defendant on probation without categorizing the defendant as a convicted felon. *Id.* "Judicial diversion is a form of 'legislative largess' available to qualified defendants who have entered a guilty or nolo contendere plea or have been found guilty of an offense without the entry of a judgment of guilt." *King*, 432 S.W.3d at 323.

To be qualified for judicial diversion, a defendant must meet certain statutory criteria at the time the defendant committed the offense, including having never been previously convicted of a felony or Class A misdemeanor for which a sentence of confinement is served and having never been previously granted judicial or pretrial diversion. *See* T.C.A. § 40-35-313(a)(1)(B)(i). "Eligibility under the statute does not, however, constitute entitlement to judicial diversion; instead, the decision of whether to grant or deny judicial diversion is entrusted to the discretion of the trial court." *King*, 432 S.W.3d at 323. The trial court must consider several common law factors:

> "(a) The accused's amenability to correction, (b) the circumstances of the offense, (c) the accused's criminal record, (d) the accused's social history, (e) the accused's physical and mental health, and (f) the deterrence value to the accused as well as others. The trial court should also consider whether judicial diversion will serve the ends of justice—the interests of the public as well as the accused."

*Id*. at 326 (quoting *State v. Parker*, 932 S.W.2d 945, 958 (Tenn. 1996)). "[T]he trial court must weigh the factors against each other and place an explanation of its ruling on the record." *Id*. (citing *State v. Electroplating, Inc.*, 990 S.W.2d 211, 229 (Tenn. Crim. App. 1999)).

When the trial court considers the common law factors, "specifically identifies the relevant factors, and places on the record its reasons for granting or denying judicial diversion," then this Court will "apply a presumption of reasonableness and uphold the grant or denial so long as there is any substantial evidence to support the trial court's decision." *Id*. at 327. Our supreme court has explained:

> Although the trial court is not required to recite all of the *Parker* and *Electroplating* factors when justifying its decision on the record in order to obtain the presumption of reasonableness, the record should reflect that the trial court considered the *Parker* and *Electroplating* factors in rendering its

decision and that it identified the specific factors applicable to the case before it. Thereafter, the trial court may proceed to solely address the relevant factors.

*Id*. Failure to consider the common law factors results in a loss of the presumption of reasonableness, and this Court will either conduct a de novo review or remand the case to the trial court for reconsideration. *Id*.

In this case, the trial court properly considered all of the common law factors in determining whether to grant or deny judicial diversion. The trial court found that Defendant was presumptively eligible, having pled guilty to a Class C felony. The court found that there were no "flaws" in Defendant's prior record, consisting of only one prior speeding ticket. The court found that Defendant was amenable to correction in that she was already saving money toward restitution. The court found Defendant's social history as well as her physical and mental health to be "excellent." However, the court found that the circumstances of the crime were not favorable in that it "was a continuing course of criminal conduct over a period of time with expressed steps being taken to cover up that criminal conduct." Additionally, the court considered the deterrence value to the Defendant and others, finding that it weighed against judicial diversion because Defendant not only breached the private trust of her employer, but also the public trust of the taxpayers. Because of that breach of public trust, the trial court found that judicial diversion would not serve the ends of justice. The trial court stated, "[a]s a result of this record as a whole[,] the [c]ourt finds [Defendant] is not an appropriate candidate for judicial [d]iversion." The evidence in the record fully supports the trial court's determination. Therefore, Defendant is not entitled to relief on this issue.

*Conclusion*

For the foregoing reasons, the judgments of the trial court are affirmed.

_____
TIMOTHY L. EASTER, JUDGE